NORTHERN DISTRICT OF TEXAS
FILED
APR 12 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANDALL KELTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-169-A |
| | § | (Consolidated with |
| WELLS FARGO BANK, N.A., | § | NO. 4:16-CV-171-A) |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wells Fargo Bank, N.A., to dismiss. The court, having considered the motion, the response of plaintiffs, Randall Kelton ("Kelton") and Kenneth Covington ("Covington"), the record, and applicable authorities, finds that the motion should be granted.

I.

Background

These consolidated actions were initiated by the filing of petitions in state court. The case designated No. 4:16-CV-169-A (the "lead case") was filed by Kelton in the 342nd Judicial District Court of Tarrant County, Texas, on October 26, 2015. The case designated No. 4:16-CV-171-A was filed by Kelton and Covington on November 20, 2015, in the 348th Judicial District Court of Tarrant County, Texas.

Defendant filed its notices of removal on March 1, 2016, asserting that the court has jurisdiction by virtue of federal

question and diversity.¹ The lead case was initially assigned to the Hon. Reed O'Connor and transferred to the docket of the undersigned by order signed March 10, 2016. Later that day, the undersigned ordered that the cases be consolidated and that plaintiffs file an amended complaint consistent with the provisions of the order.

On March 24, 2016, Kelton filed an untitled document that was likely intended to be the amended complaint. That document was stricken for a number of reasons as set forth in the order striking it. On March 28, 2016, plaintiffs filed a document titled "amended petition for judicial review of a documentation purporting to create a judgment lien and temporary restraining order," which the court and defendant have interpreted to be the amended complaint.

As best the court can tell, plaintiffs allege in their amended complaint the following:

Covington and his wife (who is not a party) signed a deed of trust on January 18, 2010, benefitting Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for MTH Funding, L.P., providing as security for a note signed that date certain property having a street address of 408 Shady Shore Lane,

---

¹Defendant says, and plaintiffs have not disuputed, that the removal notices were timely as it was never served with either of the lawsuits.

Crowley, Texas 76036 (the "property"). On July 1, 2015, Covington and his wife executed a quit-claim deed transferring the property to Kelton. On July 6, 2015, Kelton sent to defendant a document titled "notice of rescission" to which defendant failed to respond.

Plaintiffs appear to contend that the deed of trust was rescinded and is void under the Texas Business and Commerce Code, Chapter 2. They also refer to section 1635 of the Truth in Lending Act, 15 U.S.C. §1635 ("TILA"). They ask the court to declare that the deed of trust has been rescinded and is void as a matter of law.

II.

Grounds of the Motion

Defendant urges that plaintiffs' claims must be dismissed for failure to state a claim upon which relief can be granted.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests,"

3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

IV.

Analysis

A. Limitations

Although limitations is an affirmative defense, dismissal is proper where it is evident from the face of the pleading that the action is barred. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003). A claim for rescission under TILA is subject to a three-year limitations period. 15 U.S.C. § 1635(f); Kareem v. Home Mortgage Servicing, Inc., No. 3:10-CV-0762-B-BD, 2011 WL 1869419, at *1 (N.D. Tex. Apr. 12, 2011). A violation occurs when the transaction is consummated, that is, when the loan is closed. Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986).

5

The notice of rescission must be given within three years of the closing. Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792-93 (2015). In this case, the loan closed on January 18, 2010, and notice of rescission was not given until July 6, 2015, more than three years later. Accordingly, the TILA claim is untimely.

B.   Merits of the Claims

Even if the TILA claim had been asserted timely, plaintiffs have not pleaded any facts to show that defendant was obligated to make any disclosures to the Covingtons. In other words, they have not stated a claim against defendant under TILA. SeecGarcia v. Universal Mortgage Corp., No. 3:12-CV-2460-L, 2013 WL 1858195, at *6 (N.D. Tex. May 3, 2013).

Plaintiffs also rely on Article 2 of the Uniform Commercial Code as adopted by Texas. However, Article 2 applies only to the sale of goods and not to a home mortgage. Water Dynamic, Ltd. v. HSBC Bank USA, N.A., No. 4:11-CV-614-A, 2012 WL 3452, at *6 (N.D. Tex. Jan. 6, 2012); G-W-L, Inc. v. Robichaux, 643 S.W.2d 392, 394 (Tex. 1982).

Defendant also addresses the issue of quiet title, although it is not clear that plaintiffs are asserting such a claim. To the extent that they intended to do so, such claim also fails. A suit to quiet title is an equitable action to clear a valid title

against a defendant's invalid claim to the property. Puente v. CitiMortgage, Inc., No. 3:11-CV-2509-N, 2012 WL 4335997, *3 (N.D. Tex. Aug. 29, 2012). Plaintiffs must prove and recover on the strength of their own title, not the weakness of their adversary's. Id.; Summers v. PennyMac Corp., No. 3:12-CV-01235-L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012); Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.). Here, plaintiffs have not pleaded any facts to show that they have superior title. The only premise for such a claim is the barred right of rescission under TILA or inapplicable revocation provisions of the Uniform Commercial Code.

Finally, as defendant notes, a request for declaratory relief is remedial only and dependent upon a viable cause of action. Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 170-71 (5th Cir. 1990). Because plaintiffs' substantive claims are being dismissed for failure to state a claim upon which relief may be granted, they are not entitled to declaratory judgment based on such claims; nor are they entitled to injunctive relief. DSC Communications Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996); Marsh v. JPMorgan Chase Bank, N.A., 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).

For each of the foregoing reasons, the court is granting the motion to dismiss. The court is not granting plaintiffs leave to amend again, for they have already been given an opportunity to do so. Moreover, it does not appear, based on the facts asserted, that plaintiffs could allege any viable cause of action against defendant and any amendment would be futile.

## V.

### Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiffs' claims be, and are hereby, dismissed.

SIGNED April 12, 2016.

JOHN McBRYDE
United States District Judge